IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-41154

Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIO ESCOBAR-VILLANUEVA, also known
as Patricio Escobar Cantu,

Defendant-Appellant.

———————————

Appeal from the United States District Court
For the Southern District of Texas

———————————

(M-01-CR-29-3)
July 18, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Patricio Escobar-Villanueva pled guilty to one count of carjacking and was sentenced to 180 months imprisonment, a supervised release term of 3 years, a special assessment of $100, plus restitution in the amount of $18,242.35. He argues that the district court erred in upwardly adjusting his base offense level, based on the conduct of indicted coconspirators, and erred in

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculating the amount of loss attributable to him. We affirm.

First, Escobar-Villanueva argues that the district court erred in upwardly adjusting his base defense level based on his coconspirators' acts of discharging a firearm, abducting a victim, and inflicting bodily injury on a victim. He contends that there is no evidence that he acted in concert with the other indicted coconspirators, and argues that he should not be held responsible for their acts. If a defendant undertakes criminal activities jointly with third parties, he may be responsible for their acts if the acts were within the scope of that joint activity and were reasonably foreseeable.[1] The facts contained in the Presentencing Investigation Report, which Escobar-Villaneuva did not contest below, support the sentencing adjustments made by the district court. Thus we hold that the district court did not clearly err in adopting the facts of the PSR and upwardly adjusting Escobar-Villaneuva's sentence for discharging a firearm, abducting a victim, and inflicting bodily injury on a victim.

Escobar-Villaneuva also argues that the district court erred in calculating the amount of loss attributable to him by including a 1992 Ford Explorer in its calculations. There is evidence in the PSR that Escobar-Villaneuva was himself involved in the carjacking of the Explorer, and the carjacking of the Explorer was part of the joint criminal enterprise in which he was involved. The district court did not clearly err in calculating the loss. AFFIRMED.

---

[1] *United States v. Hammond*, 201 F.3d 346, 351 (5th Cir. 1999).